**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**GREENEVILLE DIVISION**

| | | |
|---|---|---|
| **KELLY LYNN BUSBEE, Individually and for the benefit of M.B., R.B., L.B. and A.B., minor children under the age of 18** | ) | |
| **Plaintiff** | ) | |
| **V.** | ) | **NO. 2:25-CV-00056-DCLC-CRW** |
| **WASHINGTON COUNTY, TENNESSEE, a Political Subdivision of the State of Tennessee; BRAD PETERSON, Individually and in His Official Capacity EDWARD LETTERMAN, Individually and in His Official Capacity, and DOUG GREGG Individually and in His Official Capacity** | ) | |
| **Defendants** | ) | |

---

## JOINT MOTION TO MODIFY SCHEDULING ORDER

---

**COME NOW,** the parties, through counsel, pursuant to the Federal Rules of Civil Procedure and other applicable authority and respectfully file their Joint Motion to Modify Scheduling Order and collectively offer, at the Court's discretion, to participate in a Rule 16(b) scheduling conference as may be necessary, to discuss the status of the case, the discovery required in this case in light of the Amended Complaint, the expected time frame for completing discovery and other modifications of the Scheduling Order. In further support thereof, the parties state as follows:

## **Procedural Summary**

1. Plaintiff filed her Complaint against all Defendants on April 4, 2025 [Dkt. 1] On May 28, 2025, Defendants Brad Peterson and Edward Letterman, Individually, filed their Answer [Dkt. 14]. Defendant Doug Gregg ("Investigator Gregg"), filed his Answer and Affirmative Defenses on May 29, 2025 [Dkt. 15]. Defendant, Washington County, Tennessee, filed its Answer on June 3, 2025 [Dkt. 16]. On June 4, 2025, this Court entered an Order [Dkt. 19] requiring, in part, that the parties confer and discuss the possibility of a prompt settlement or resolution of the case and to develop a proposed discovery plan that includes proposals concerning all the matters addressed in sub-paragraphs (1) through (4) of Rule 26(f). On June 20, 2025, the parties filed the Rule 26(f) Report [Dkt. 20]. An initial Scheduling Order was entered on June 26, 2025 [Dkt. 21], with the following key scheduling deadlines:

| Important Scheduling Dates | |
|---|---|
| Trial Date | January 19, 2027, at 9:00 a.m. EST |
| Estimated Length of Trial | 3 days |
| Final Pretrial Conference | January 5, 2027, at 1:30 p.m. EST |
| Non-dispositive Motions Due | November 20, 2026 |
| Dispositive Motions Due and Daubert Challenge Deadline | September 21, 2026 |
| Fact and Expert Discovery Cut-Off | August 7, 2026 |
| Expert Disclosure Deadline: | Plaintiff: November 28, 2025<br>Defendant: January 30, 2026<br>Rebuttal: February 20, 2026 |
| Initial Disclosures Deadline | July 18, 2025 |
| Final Pretrial Order Deadline | December 30, 2026 |
| Witness and Exhibit List | December 4, 2026 |
| Final Witness and Exhibit List | January 12, 2027 |
| Proposed Jury Instructions Deadline | January 8, 2027 |

2. Pursuant to Section 5g of the June 26, 2025 Scheduling Order, "the parties may agree to extend the deadline for any disclosure required by Rule 26 or this scheduling order, but such agreement must be in writing to be effective…deadlines for filing motions shall remain

applicable and will be extended only with court permission." The parties made their respective Rule 26(a)(1) Disclosures in June and July of 2025 [Dkts.22-25]. Investigator Gregg propounded his First Set of Interrogatories to the Plaintiff on October 31, 2025 [Dkt. 27]. Plaintiff filed her Expert Disclosures on December 8, 2025 [Dkt. 28]. On December 17, 2025, the parties filed a Joint Motion to Stay Discovery pending Mediation [Dkt. 29]. Mediation was conducted on January 28, 2026. The mediation was unsuccessful.

3. Between February 19 and February 27, 2026, the parties discussed Investigator Gregg's good faith letter regarding discovery and scheduling depositions. See Emails, Exhibit 1-2 hereto. On March 24, 2026, the parties again discussed discovery and the addition of Plaintiff's minor children as plaintiffs. See Email, Exhibit 3. On April 22, 2026, Plaintiff filed another complaint in this Court captioned as *Kelly Lynn Busbee as next friend of M.B. and R.B. v. Washington County, Tennessee, et al.,* Cause No. 2:26-cv-00087-DCLC-CRW [Dkt. 1]. That matter was dismissed without prejudice by order entered April 24, 2026 [Dkt. 8]. The Joint Motion to Stay Discovery pending Mediation [Dkt. 29], was denied as moot on April 28, 2026 [Dkt. 31]. Per the Court's Order, "the parties may exercise their right to extend disclosure deadlines required by Rule 26 as detailed in the Scheduling Order," although the deadlines for filing motions and trial date remained the same.

4. Plaintiff thereafter filed an Amended Complaint on June 11, 2026, pursuant to Fed. R. Civ. Pro. 15(a)(2), with consent of the adverse parties [Dkt. 32]. The parties conferred regarding the current deadlines and agreed, in writing, that at least a six-month extension of the current deadlines and trial continuance was necessary in light of the Amended Complaint. *See* June 11, 2026 Email, Exhibit 4. Plaintiff's underlying criminal charges pending before the Washington County, Tennessee Criminal Circuit Court resolved on June 18, 2026. Investigator

Gregg filed his Answer and Affirmative Defenses to the Amended Complaint on June 24, 2026 [Dkt, 33], as did Brad Peterson, Individually and Washington County, Tennessee [Dkts. 34 and 35]. The parties have not conducted any discovery relating to Plaintiff's June 11, 2026 Amended Complaint.

**Argument and Authorities**

5. The United States Supreme Court has recognized a district court's inherent powers to resolve cases expeditiously. *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). This includes the fact that a district court ordinarily has the power to modify or rescind its orders at any point prior to final judgment in a civil case. *Dietz v. Bouldin*, 579 U.S. 40, 46 (2016). "In every civil case," the district court" issues "a scheduling order that includes a limit on the time for amending pleadings and filing motions." *United States v. Care Servs. Mgmt. LLC*, 2025 U.S. Dist. LEXIS 114154 *4 (M.D. Tenn. 2025), citing Fed. R. Civ. P. 16(b)(3)(A). The scheduling order "controls the course of the action" and "may be modified only for good cause and with the judge's consent." *Berry v. Specialized Loan Servicing*, 2019 U.S. Dist. LEXIS 231983 *7 (W.D. Tenn. 2019)(other citations omitted); *Wilburn v. Fateh Carriers, Inc.*, 2026 U.S. Dist. LEXIS 52393 (M.D. Tenn. 2026). The Rule 16 scheduling order "ensures that at some point both the parties and the pleadings will be fixed." Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment. In assessing good cause under this Rule, a party's "diligence in attempting to meet the requirements of the scheduling order is the primary measure." *Berry v. Specialized Loan Servicing*, 2019 U.S. Dist. LEXIS 231983 *8 (W.D. Tenn. 2019), quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)(citations omitted).

6. Generally, "amended pleadings supersede original pleadings." *Braden v. United States,* 817 F.3d 926, 930 ( CA 6th 2016). Once an amended pleading is interposed, the original

pleading ceases to perform any function in the case. *Phifer v. City of Grand Rapids*, 657 F. Supp. 2d 867, 876 (6th Cir. 2009). The "operative pleading," the Amended Complaint, now contains active claims of Plaintiff, Kelly Busbee, plus Plaintiff's four minor children. See ¶¶ 1-3, Dkt. 32. The Amended Complaint contains new factual allegations [¶¶23,49-50,57, Dkt. 32] relating to Plaintiffs' minor children. The parties only conducted limited discovery under the original complaint and no discovery relating to the Amended Complaint. The current deadline for fact and expert discovery is August 7, 2026. The parties respectfully submit that they cannot complete discovery relating to the claims and defenses in the Amended Complaint by this deadline or meet the remaining deadlines that follow. At a minimum, the parties respectfully request that the remaining deadlines be extended by at least 180 days, which will also require a new trial date.

7. The parties have been diligent, however, in meeting the deadlines of the initial case management order of June 23, 2025. The Defendants timely filed their Initial Disclosures. Defendant Doug Gregg propounded interrogatories to the Plaintiff on October 21, 2025. Following the filing of Plaintiff's initial disclosures, the parties attempted to settle this matter by mediation and filed a Joint Motion to Temporarily Stay Discovery Pending Mediation on December 17, 2023 [Dkt. 29]. Likewise, no party suggests bad faith or a dilatory motive on the part of any other party, and no party will be prejudiced if the scheduling order is modified.

**WHEREFORE, PREMISES CONSIDERED,** the parties respectfully request that this Court modify the fact and expert discovery deadline and the deadlines by extended same at least 180 days. The parties also respectfully request that the trial of this matter be continued and adjusted based on the modified deadlines. The parties collectively offer, at the Court's discretion, to participate in another Rule 16(b) scheduling conference, to discuss the status of the case, the discovery required in this case in light of the Amended Complaint, the expected time frame for

completing discovery and other modifications of the Scheduling Order. Finally, the parties request any and all other relief to which they are entitled.

**THIS**, the 13th day of July, 2026.

Respectfully submitted,

**KELLY BUSBEE**

By:_*Thomas J. Smith*_________________
Thomas J. Smith, BPR #035331
Garza Law Firm, PLLC
118 E. Watauga Ave.
Johnson City, TN 37601
(423) 282-1041 telephone
tsmith@garzalaw.com

**WASHINGTON COUNTY, TENNESSEE**

By: /s/_*Jeffery M. Ward*_______________
Jeffrey M. Ward (TN BPR No. 016329 )
HERRIN McPEAK SHEPARD & KETCHIE
515 E. Unaka Avenue
P. O. Box 629
Johnson City, Tennessee 37605-0629
jward@hmsklaw.com

**SERGEANT DOUG GREGG, IN HIS INDIVIDUAL CAPACITY**

By: /s/_Lara E. Gill_________
L. Scott Miller (TN BPR. No. 034102)
Lara E. Gill (TN BPR No.026103)
L.S. MILLER LAW FIRM, PLLC
415 West Central Avenue, Suite 1
LaFollette, Tennessee 37766
(865) 332.0922 telephone
lsmiller@lsmlaw.com
lgill@lsmlaw.com

**EDWARD LETTERMAN IN HIS INDIVIDUAL CAPACITY AND BRAD PETERSON IN HIS INDIVIDUAL CAPACITY**

By:/s/ *Russell W. Adkins*

Russell W. Adkins (TN BPR No. 014230
WILSON WORLEY PC
P.O. Box 88
Kingsport, Tennessee 37660
(423) 723-0400
radkins@wilsonworley.com